UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARIE ANN STOKES,

        Petitioner,

v.                           Case No. 3:15-cv-1039-J-32MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.
_____

## ORDER

Petitioner initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) (Petition) on August 17, 2015.[1] She challenges a 2014 state court (Bradford County, Florida) judgment of conviction for home invasion robbery with a deadly weapon and conspiracy to commit home invasion robbery with a deadly weapon. Petitioner is serving a total term of imprisonment of 12 years. Respondents contend that the Petition was untimely filed, and therefore, this case must be dismissed. See Motion to Dismiss (Doc. 13) (Motion).[2] Petitioner filed a Reply (Doc. 15). The case is ripe for review.[3]

---

[1] The Court applies the mailbox rule to Petitioner's pro se filings. See Houston v. Lack, 487 U.S. 266, 276 (1988).

[2] The Court cites to the Respondents' exhibits as "Ex."

[3] "In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court, and "further factual development" is not necessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

After Petitioner pled nolo contendere, the circuit court entered judgment against her on February 4, 2014. Ex. A. The court sentenced Petitioner to concurrent twelve-year sentences on each count. Petitioner did not file a direct appeal; therefore, her conviction became final thirty days later on March 6, 2014. The following day, March 7, 2014, Petitioner's federal one-year period of limitations began to run. On August 8, 2014, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. On August 13, 2014, the circuit court denied the motion, finding that it "fails to meet the oath requirement of Fla. R. Crim. P. 3.850(c)," and "[e]ven if the motion were properly sworn, the claim raised is without merit." State v. Stokes, 2013-CF-000384 (Fla. 8th Cir. Ct.); see also Ex. A. Petitioner appealed, and the First District Court of Appeal (DCA) per curiam affirmed the denial of postconviction relief.[4] Ex. B. The mandate issued on February 17, 2015. Ex. C. Petitioner filed the instant case on August 17, 2015.

Whether the Petition is timely filed depends on whether Petitioner's Rule 3.850 motion was a "properly filed" tolling motion. 28 U.S.C. § 2244(d)(2). Respondents cite to Hurley v. Moore, 233 F.3d 1295 (11th Cir. 2000),[5] and argue that Petitioner's Rule 3.850 motion was

---

[4] A review of the First DCA's docket shows that neither Petitioner nor the State filed a brief on appeal. See Stokes v. State of Florida, No. 1D14-4767 (Fla. 1st DCA).

[5] In Hurley, 233 F.3d at 1298, the Eleventh Circuit concluded that the habeas "petition could only be considered timely if [the petitioner's] first state post-conviction motion under Fla. R. Crim. P. 3.850, dismissed for failure to comply with the procedural requirement of a written oath, is a properly-filed post-conviction motion. It is not." The circuit court in Hurley did not alternatively deny the Rule 3.850 motion on the merits. Rather, "[t]he court denied the motion, without prejudice, to refile a timely, properly sworn motion and included in its order two examples of oaths that would satisfy the requirement." Hurley, 233 F.3d at 1297.

not properly filed, because the circuit court denied the motion "for lacking the required oath." Motion at 13.

When a Rule 3.850 motion fails to contain the required oath, a circuit court should dismiss the motion without prejudice to allow the defendant to refile and cure the defect. See Spera v. State, 971 So. 2d 754, 755 (Fla. 2007) (holding "that in dismissing a first postconviction motion based on a pleading deficiency, a court abuses its discretion in failing to allow the defendant at least one opportunity to correct the deficiency unless it cannot be corrected"). Here, while the circuit court found Petitioner's Rule 3.850 motion was facially insufficient, Petitioner was not given the opportunity to amend. Instead, the circuit court entered a final appealable order denying the motion on the merits. As such, this Court declines to agree with Respondents.

Nevertheless, regardless of whether the Petition is timely filed, it is without merit.[6] Petitioner raises one ground: "violation of Petitioner's Sixth Amendment right to effective as[s]istance of counsel and violation of Fifth Amendment Right for counsel's failure to challenge the charged offenses on double jeopardy." Petition at 4 (emphasis and

---

[6] The Court recognizes that Respondents did not substantively address the claim, and thus, Petitioner did not file a substantive reply. However, Respondents provided the Court (and Petitioner) with the pertinent state court records, including Petitioner's Rule 3.850 motion and memorandum of law in which she raised this claim. Because the claim is legally meritless, the Court will deny it without additional briefing. See generally McNabb v. Comm'r Ala. Dep't of Corr., 727 F.3d 1334, 1340 (11th Cir. 2013) (finding that "a petitioner has no right to briefing in [a] habeas proceeding" and "conclud[ing] that the district court did not violate [the petitioner's] due process rights" when it ruled on the merits of the habeas petition without merits briefing).

4

capitalization omitted).[7] She argues that her convictions violate double jeopardy because they "arose from the same criminal act, on the exact same day, and involved the same victim." Id. She contends that she "would not have open ple[]d to both charges had she been advised by counsel that double jeopardy prohibits a defendant of being convicted and sentenced for two offenses that occur in the same criminal episode." Id.

The State charged Petitioner as follows:

> MARIE ANN STOKES, in Bradford County, Florida, on or about June 7, 2013, did unlawfully enter a dwelling . . . with the intent to commit a robbery of the occupants therein, and while in the dwelling did take jewelry and United States currency, valued at $10,000 or more, . . . with the intent to either permanently or temporarily deprive the person or the owner of the property, and in the course of the taking did use force, violence, assault, or putting in fear, and in the course of the taking did carry a deadly weapon, to-wit: a BB or pellet gun, and while committing the offense co-conspirator Joshua Knapp did wear a mask or other device that concealed his identity, contrary to Sections 812.135(2)(a) and 775.0845, Florida Statutes. . . .

> MARIE ANN STOKES, in Bradford County, Florida, on or about June 7, 2013, did unlawfully agree or conspire with Joshua James Allen Knapp to commit the offense of Home Invasion Robbery with a deadly weapon, and in furtherance of said conspiracy did plan said offense with Joshua James Allen Knapp, drive to the targeted location with Joshua James Allen Knapp, enter the residence with Joshua James Allen Knapp while both were pointing guns at the occupants of the residence, and did flee from the residence with Joshua James Allen Knapp after gaining possession of jewelry and United States currency, contrary to Sections 812.135(2)(a) and 777.04(3), Florida Statutes.

Ex. A. Florida Statutes section 812.135 states in pertinent part:

---

[7] Petitioner raised this claim in her Rule 3.850 motion, which she supported with a memorandum of law. Ex. A.

> (1) "Home-invasion robbery" means any robbery that occurs when the offender enters a dwelling with the intent to commit a robbery, and does commit a robbery of the occupants therein.
>
> (2)(a) If in the course of committing the home-invasion robbery the person carries a firearm or other deadly weapon, the person commits a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment as provided in s. 775.082, s. 775.083, or s. 775.084.

Fla. Stat. § 812.135. The conspiracy statute, Fla. Stat. § 777.04(3), states in pertinent part: "A person who agrees, conspires, combines, or confederates with another person or persons to commit any offense commits the offense of criminal conspiracy . . . ."

"The Double Jeopardy Clause 'protects against multiple punishments for the same offense.'" United States v. Gonzalez, 834 F.3d 1206, 1219 (11th Cir. 2016) (quoting United States v. Adams, 1 F.3d 1566, 1572 (11th Cir. 1993)). "It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses." Pinkerton v. United States, 328 U.S. 640, 643 (1946); see United States v. Vargas, 563 F. App'x 684, 687 (11th Cir. 2014) ("'[A] conspiracy and the related substantive offense which is the object of the conspiracy[] are separate and distinct offenses.'" (quoting United States v. Ternus, 598 F.3d 1251, 1254-55 (11th Cir. 2010))); see also Blackburn v. State, 83 So.2d 694, 695 (Fla. 1955) ("The law is uniform and well established that 'punishment for a conspiracy to commit crime and for the overt act which is the object of the conspiracy does not constitute double punishment,' or double jeopardy, even where the substantive offense is the overt act involved in the conspiracy charge."). Indeed, the two offenses of which Petitioner was convicted each require proof of

6

a fact not required of the other. See Blockburger v. United States, 284 U.S. 299, 304 (1932) ("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."); see also Young v. Florida, No. 8:08-cv-707-T-27TGW, 2011 WL 3875412, at *8 (M.D. Fla. Aug. 30, 2011) (unpublished) (finding that "[c]onspiracy to commit racketeering is different from racketeering" and thus the two convictions do not violate double jeopardy). Thus, no double jeopardy violation occurred, and counsel could not be deemed ineffective for failing to make a double jeopardy argument. See Pinkney v. Sec'y, DOC, 876 F.3d 1290, 1297 (11th Cir. 2017) ("[A]n attorney will not be held to have performed deficiently for failing to perform a futile act, one that would not have gotten his client any relief."); Freeman v. Att'y Gen., 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim.").

The cases cited by Petitioner in her state court memorandum of law do not address the relationship between convictions of conspiracy and the underlying substantive offense in terms of double jeopardy. There simply is no legal merit to Petitioner's claim, and she is not entitled to federal habeas relief. Accordingly, it is

**ORDERED**:

1. The Petition (Doc. 1) is **DENIED**, and this case is **DISMISSED with prejudice**.

2. The Clerk shall enter judgment denying the Petition and dismissing the case with prejudice and thereafter close the file.

3. If Petitioner appeals, the Court denies a certificate of appealability.[8] The Clerk shall terminate any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of May, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 5/10
c:
Marie Ann Stokes
Counsel of Record

---

[8] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), "or that the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack, 529 U.S. at 484). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. However, "[w]hen the district court denies a habeas petition on procedural grounds . . . a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. After consideration of the record as a whole, the Court denies a certificate of appealability.